962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Armen J. SYLVESTER, Petitioner-Appellant,
v.
Richard CLARK and Indiana Attorney General, Respondents-Appellees.
 No. 91-1495.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 1, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 Order
 
 1
 Armen Sylvester, convicted by Indiana of attempted murder, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The opinions of the Supreme Court of Indiana, 549 N.E.2d 37 (Ind.1990), and the United States District Court narrate the facts, which we do not repeat. Instead we turn directly to Sylvester's contentions.
 
 
 2
 1. Sylvester contends that the trial court violated the confrontation clause of the sixth amendment (applied to Indiana via the fourteenth) when it limited the cross-examination of his accomplice Larry Jones. Because the sixth amendment permits a state to place reasonable limits on cross-examination in order to curtail repetitious or collateral inquiries, Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986), the essential question is whether the trial judge allowed counsel enough latitude to place before the jury the means to evaluate the witness' veracity and motives. Davis v. Alaska, 415 U.S. 308 (1973).
 
 
 3
 Sylvester wanted to place before the jury Jones's 1972 arrest for robbery. Such evidence would have been cumulative; the jury learned that Jones had convictions for shoplifting, theft, and assistance in a murder; an arrest long ago that did not lead to conviction would have added little. More substantial is the claim that the judge should have admitted more details concerning the prosecutor's agreement to modify Jones's current sentence in exchange for his testimony against Sylvester. Yet the jury learned that the term had been reduced from 38 years to 20 on account of cooperation. Further details would have been a detour.
 
 
 4
 2. Sylvester is black. Toward the end of trial the only black juror was replaced by an alternate. Sylvester does not contend that racial discrimination infected the process of selecting the jury but insists that the belated dismissal of the one black juror creates a problem under Batson v. Kentucky, 476 U.S. 79 (1986), and otherwise produced an unfair trial.
 
 
 5
 Although the district court resolved the Batson claim on the merits, we believe that it was waived. During the trial itself, Sylvester never contended that the juror was dismissed on account of race. The Supreme Court of Indiana stated that: "[Sylvester] made no objection based on Batson principles. Appellant cannot base his current allegation of error on an objection made at trial which is unrelated to his claim on appeal." 549 N.E.2d at 40. The court went on to consider the contention that had been made at trial--that the juror's conduct did not justify his dismissal under state law. The juror twice disregarded the judge's instruction not to discuss the case with his fellow jurors before the end of trial, and even managed to be elected foreman during this period in which jurors were not supposed to be communicating. The court's decision that this justified the juror's replacement does not relieve Sylvester of his default, indeed would not have done so even had the court gone on to reject the Batson contention on the merits. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Prihoda v. McCaughtry, 910 F.2d 1379, 1383-84 (7th Cir.1990).
 
 
 6
 Sylvester does not contend that he has "cause" for the failure to contend at trial that the dismissal of the juror was attributable to race. Any alternative theory that the substitution of the alternate juror made the trial unfair is untenable. There is no reason to doubt the impartiality of the replacement juror.
 
 
 7
 3. Finally, Sylvester argues that the trial violated the due process clause because the victim's eyewitness identification in court was based on a suggestive photographic array. The Supreme Court of Indiana deemed this contention barred because Sylvester failed to object to the photographs at trial. 549 N.E.2d at 42. Sylvester concedes that his attorney made a tactical decision not to object at trial, so he cannot establish the "cause" necessary to authorize collateral review. Murray v. Carrier, 477 U.S. 478, 485 (1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record